UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRY A. HANNAFORD,

        Petitioner,

v.

        Civil Action No. 05-70392
        Honorable Patrick J. Duggan

JOAN YUKINS,

        Respondent.
_____/

**<u>OPINION AND ORDER</u>**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on February 7, 2006.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                 U.S. DISTRICT COURT JUDGE

Petitioner Terri A. Hannaford ("Petitioner") has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In her application, Petitioner challenges her February 2002 convictions and sentence in the Wayne County Circuit Court, State of Michigan, for the following offenses: operating a vehicle under the influence of intoxicating liquor causing death ("OUIL"), in violation of MICH. COMP. LAWS ANN. § 257.625(4); operating a vehicle with a suspended license causing death, in violation of MICH. COMP. LAWS ANN. § 257.904(4); and failing to stop at the scene of a personal injury accident, in violation of MICH. COMP. LAWS ANN. § 257.617a. Presently before

1

the Court is Respondent's motion to dismiss, filed August 2, 2005. Respondent argues that Petitioner's application for habeas corpus relief should be dismissed because Petitioner failed to exhaust her state court remedies in that she did not challenge her convictions and sentence in state court as issues of federal constitutional law.

Before Michigan's appellate courts, Petitioner raised the following challenges to her convictions and sentence:

> I.   Did the trial court commit reversible error in denying Defendant's motion for directed verdict after the prosecution rested?
>
> II.  Was the evidence insufficient to support Defendant's convictions for operating a motor vehicle under the influence of intoxicants causing death and operating a motor vehicle with a suspended license causing death?
>
> III. Did Defendant's multiple convictions for operating a motor vehicle under the influence of intoxicants causing death and operating a motor vehicle with suspended license causing death, as a result of the same incident, constitute double jeopardy?
>
> IV.  Did the trial court abuse its discretion in sentencing defendant to a term of imprisonment substantially longer than the highest end of the sentencing guidelines?

*See People v. Hannaford*, No. 24-817, Br. of Def. filed Aug. 15, 2002 (Mich. Ct. App.); *People v. Hannaford*, No. 124761, Application for Leave to Appeal filed Oct. 8, 2003 (Mich.). In her state court filings, Petitioner relied solely on Michigan law to support her claims for relief. The Michigan Court of Appeals affirmed Petitioner's convictions and sentence in an unpublished opinion dated September 16, 2003. The Michigan Supreme

Court denied Petitioner's application for leave to appeal on February 27, 2004.

Petitioner filed the pending application for habeas corpus relief on February 2, 2005. Petitioner raises the same four claims that she raised in the Michigan appellate courts in support of her application for federal habeas corpus relief, although she has supplemented her arguments with citations to federal court decisions.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (April 24, 1996), a petitioner must exhaust his or her remedies in state court before a federal court may grant habeas relief. 28 U.S.C. § 2254(b)(1). "In other words, the state prisoner must give the state courts an opportunity to act on his [or her] claims before he [or she] presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731 (1999). A prisoner must "fairly present" his or her claims "in each appropriate state court (including a state supreme court with powers of discretionary review) . . . ." *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S. Ct. 1347, 1349 (2004). A petitioner "fairly presents" his or her habeas claims to the state courts "by citing a provision of the Constitution, federal decisions using federal constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns. *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993).

Federal district courts ordinarily must dismiss a habeas petition containing any claims that have not been exhausted in the state courts. *Rose v. Lundy*, 455 U.S. 509, 510, 102 S. Ct. 1198, 1199 (1982). The Supreme Court has held, however, that "although

3

there is a strong presumption in favor of requiring a petitioner to exhaust his available state court remedies, the failure to do so is not an absolute bar to appellate consideration of his petition . . ." *Lyons v. Stovall*, 188 F.3d 327, 333 (6th Cir. 1999)(citing *Granberry v. Greer*, 481 U.S. 129, 131-32, 107 S. Ct. 1671, 1673-74 (1987)). "[T]he court should 'determine whether the interest of comity and federalism will be better served by addressing the merits forthwith or by requiring a series of additional state and district court proceedings before reviewing the merits of the petitioner's claim." *Id*. (quoting *Granberry*, 481 U.S. at 134, 107 S. Ct. 1671, 1674-75). Non-exhaustion should be excused "where 'the federal constitutional claim was plainly meritless and it would be a waste of time and judicial resources to require exhaustion.'" *Id*. (quoting *Cain v. Redman*, 947 F.2d 817, 820 (6th Cir. 1991)). As the AEDPA provides, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2).

For the following reasons, the Court concludes that the interests of comity and federalism will be better served by resolving Petitioner's claims forthwith rather than requiring her to return to state court in order to "federalize" her claims. As to her first and second claims, the federal and state courts apply the same standard to determine whether there was sufficient evidence to support a defendant's conviction– i.e., whether the court can conclude from the evidence and the inferences to be drawn therefrom, viewed in the light most favorable to the prosecution, that any trier of fact could have

found the essential elements of the crime beyond a reasonable doubt.  *See Jackson v. Virginia*, 443 U.S. 307, 324, 99 S. Ct. 2781, 2791-92 (1979); *People v. Nowack*, 462 Mich. 392, 399, 614 N.W.2d 78, 81 (2000).  The same is true with respect to Petitioner's double jeopardy claim.  *See Rutledge v. United States*, 517 U.S. 292, 297, 116 S. Ct. 1241 (1996)(analyzing double jeopardy claim by looking at whether one conviction required proof of a fact that the other conviction did not); *People v. Herron*, 464 Mich. 593, 628 N.W.2d 528 (2000)(same).  Therefore it would be a waste of time and judicial resources to require Petitioner to return to the state courts in order for those courts to apply the same standard to evaluate her claims– albeit citing federal law this time– that they did previously.

With regard to her fourth claim, Petitioner only alleges a violation of state law– that is, that the trial court lacked an "objective and verifiable" and "substantial and compelling" reason to exceed Michigan's sentencing guidelines.  It is well-established that habeas relief does not lie for perceived errors of state law.  *See, e.g., Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 480 (1991).  To the extent Petitioner would restate her claim to raise an Eighth Amendment challenge, a sentence that falls within the maximum penalty authorized by statute "generally does not constitute 'cruel and unusual punishment.'"  *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000)(citing *United States v. Organek*, 65 F.3d 60, 62 (6th Cir. 1995)).  Thus such a claim would lack any merit. For the above reasons, the Court will dismiss Petitioner's fourth claim.

Accordingly,

**IT IS ORDERED**, that Respondent's motion to dismiss for failure to exhaust state court remedies is **DENIED**;

**IT IS FURTHER ORDERED**, that Petitioner's fourth claim in support of her application for federal habeas corpus relief is **DISMISSED**;

**IT IS FURTHER ORDERED**, that Respondent shall file an answer addressing the merits of Petitioner's first, second, and third claims for habeas relief within twenty-one (21) days of the date of this Opinion and Order.

                                              s/PATRICK J. DUGGAN
                                              UNITED STATES DISTRICT JUDGE

Copies to:
Sanford A. Schulman, Esq.
Janet A. VanCleve, Esq.